953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sitara McGOVERN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-1724.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1991.
Decided Jan. 15, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, No. CA-89-1098-R, Daniel E. Klein, Jr., Magistrate Judge.
 Paul William Nolan, Thurlow & Nolan, P.A., Baltimore, Md., for appellant.
 Breckenridge L. Willcox, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Md., Eileen Bradley, Chief Counsel, Region III, William B. Reeser, Supervisory Assistant Regional Counsel, Deborah Fitzgerald, Assistant Regional Counsel, Department of Health and Human Services, Philadelphia, Pa., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Sitara McGovern appeals the district court's determination that the Secretary of Health and Human Services properly denied her application for social security disability insurance benefits (DIB). Because we find that the Secretary's decision is supported by substantial evidence, we affirm.
 
 
 2
 McGovern's eligibility for DIB expired on June 30, 1975. We therefore consider medical evidence concerning her condition as of that date. Her treating physician, Dr. McMahon, first saw McGovern in 1966, when she complained of pain in her stomach, back, and legs. Dr. McMahon diagnosed colitis, and he prescribed medication and a specific diet. She saw him occasionally over the next few years, and was treated for recurrent episodes of colitis. In July 1974 Dr. McMahon gave McGovern, who complained of pain in her back and chest, a complete physical. He remarked that she was under stress because of marital strife.
 
 
 3
 In a note dated October 12, 1976, some fifteen months after the end of McGovern's insured status, Dr. McMahon listed a large number of physical ailments, including cephalalgia, shortness of breath, hair loss, gastrointestinal problems, insomnia, and thought process disturbances. He did not state when these problems had developed. However, other physicians who subsequently examined McGovern stated that her difficulties did not become pronounced until after the expiration of insured status.[1] Dr. McMahon's note further stated that McGovern's medical problems were psychosomatic and caused or exacerbated by her marital difficulties. He was equivocal about whether she was unable to work, stating only that she was "somewhat ineffective in any gainful employment."
 
 
 4
 It is clear that, at some point after the expiration of her insured status, McGovern's condition worsened to the point that she was disabled.[2] A psychiatrist stated in December 1977 that McGovern was incapable of functioning productively and that she was preoccupied to an almost psychotic degree by her divorce. The psychiatrist, however, did not express an opinion as to McGovern's mental state as of June 30, 1975.
 
 
 5
 The decision that a claimant is not disabled will be upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g) (1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). It is:
 
 
 6
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 7
 Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990) (quoting Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984)).
 
 
 8
 The record shows that McGovern had been treated intermittently for recurrent bouts of colitis and some pain in her back and right extremities. However, no substantial medical evidence establishes that she was disabled as of June 30, 1975. Her treating physician was less than definite in his opinion as to her ability to work. See Young v. Bowen, 858 F.2d 951, 956 (4th Cir.1988). Under these circumstances, the Secretary's finding that McGovern was not disabled is supported by substantial evidence.
 
 
 9
 As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 For instance, tension headaches became more frequent and violent, with episodes of severe pain and vomiting, in 1977
 
 
 [2]
 McGovern subsequently was granted supplemental security income benefits because her condition at that time prevented her from working